UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN BERRY, et al., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:08-CV-0248-B |
| v. | § § | |
| INDIANAPOLIS LIFE INSURANCE COMPANY, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION

Before the Court is Hartford Life and Annuity Insurance Company's Motion for Reconsideration of the Court's March 26, 2009 Order Denying Summary Judgment as to the Poulsbo Dentistry and MacMillan Plaintiffs' Fraud-Based Claims and Memorandum in Support, filed April 9, 2009 (doc. 131). Hartford Life and Annuity Insurance Company ("Hartford') asks the Court to reconsider that portion of its March 26, 2009 memorandum opinion (*see* doc. 122) denying Hartford's motion for summary judgment as to the fraud, civil conspiracy and negligent misrepresentation claims (the "fraud-based claims") brought by Plaintiffs Robert W. MacMillan and MacMillan Construction Company (the "MacMillan Plaintiffs") and Charles R. Brown, DDS and Poulsbo Children's Dentistry (the "Poulsbo Dentistry Plaintiffs").[1] Having considered the motion, response, reply, record and

---

[1]The MacMillan and Poulsbo Dentistry Plaintiffs' claims relate to the "MacMillan Construction Defined Benefit Plan" and the "Poulsbo Defined Benefit Plan," employee retirement investment plans which the MacMillan and Poulsbo Dentistry Plaintiffs established and funded with specially-designed life insurance policies purchased from Hartford. According to Plaintiffs, Hartford's agents represented the plans as safe, retirement investment vehicles designed to minimize income tax liability for the plan sponsor under Section 412(i) of the Internal Revenue Code, but the plans were actually abusive tax shelters that Hartford knew or should have known would be scrutinized by the IRS and deemed illegal.

1

applicable law, and for the reasons that follow, the Court DENIES Hartford's motion for reconsideration.

Litigants may seek amendment of a court's judgment by filing a motion to alter or amend under FED. R. CIV. P. 59(e) (hereinafter, "Rule 59(e)"). There are three grounds for amending a judgment pursuant to Rule 59(e): (1) correction of a manifest error of law, (2) accounting for newly discovered evidence, or (3) accommodating an intervening change in controlling law. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D.Tex. Oct. 25, 2005). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders*, 2005 WL 6090228, at *1; *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."). The Rule 59(e) remedy is extraordinary, and should be used sparingly. *Templet*, 367 F.3d at 479; *Sanders*, 2005 WL 6090228, at *1. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

In denying Hartford's summary judgment motion as to the MacMillan and Poulsbo Dentistry Plaintiffs' fraud-based claims, the Court, rejecting Hartford's arguments to the contrary, determined that the summary judgment evidence created genuine issues of material fact regarding whether Plaintiffs Robert W. MacMillan and Charles R. Brown, DDS justifiably relied upon representations regarding the legal viability and tax consequences of the 412(i) plans they established even in the face of what, according to Hartford, were purported disclaimers of such reliance signed by Mr. MacMillan

2

and Dr. Brown. Hartford makes three arguments in support of its motion.

First, Hartford contends the Court should reconsider its decision in light of the other grounds for dismissal of the MacMillan and Poulsbo Dentistry Plaintiffs' fraud-based claims set forth by Hartford in its initial brief in support of its motion to dismiss the fraud-based claims. Hartford's remaining arguments in support of its motion to dismiss the fraud-based claims which are *not* contingent on the disclaimers of reliance, are currently being considered by the Court in the context of Hartford's motion to dismiss. As stated above, the sole issue addressed by the Court in its summary judgment order was Hartford's contention that Mr. MacMillan and Dr. Brown had signed disclaimers of reliance that negated, as a matter of law, any justifiable reliance by them on Hartford's agents' alleged representations regarding the legal viability and tax consequences of the defined benefit plans they established.[2] As the Court is currently evaluating Hartford's remaining arguments in the context of its motion to dismiss, the Court rejects Hartford's first argument.

Second, Hartford contends that the Court clearly erred in applying Texas law (rather than the laws of Washington or Arizona) to determine whether the disclaimers submitted by Hartford negate proof of reasonable reliance. In response, the MacMillan and Poulsbo Dentistry Plaintiffs point out that "Hartford has already had two prior opportunities to show a conflict between Texas law and the laws of Arizona and Washington on the issue of justifiable reliance. Hartford failed to do so either time. Now Hartford seeks a third bite at the proverbial apple." (Resp. at 1.) The Court agrees. In

---

[2]The Court assumes the parties' familiarity with the procedural history of the case, and specifically the Court's conversion of Hartford's motion to dismiss into a motion for summary judgment solely to consider disclaimers of reliance that Hartford had appended to its motion to dismiss. A full discussion of the procedural history is contained in the Court's March 26, 2009 memorandum opinion and incorporated herein by reference. (*See* Doc. 122 at 3-4.)

its prior briefing to the Court, other than make blanket statements that the Court should apply the laws of Plaintiffs' home states, Arizona and Washington, to analyze the fraud-based claims of the MacMillan Plaintiffs and Poulsbo Dentistry Plaintiffs, respectively, Hartford failed to provide the Court with any substantive analysis or germane case law to demonstrate that the issue under consideration would be decided differently under Arizona or Washington law. (*See* docs. 85, 105.) In its motion to reconsider, Hartford for the first time attempts to provide an analysis of how Arizona law and Washington law differ from Texas law on this issue and cites a plethora of cases never cited in its prior briefing. As already stated, however, a Rule 59(e) motion is not a vehicle to raise arguments that could have been raised before but were not. *See Templet*, 367 F.3d at 478-79. In any event, even were the Court to consider these cases Hartford cites for the first time, as Plaintiffs correctly argue, the result would be the same, as the cases are not on point. Accordingly, the Court rejects Hartford's second argument in support of its motion to reconsider.

Finally, Hartford argues that the Court misinterpreted Texas law in determining that genuine issues of fact remain regarding whether the MacMillan Plaintiffs and Poulsbo Dentistry Plaintiffs could have reasonably relied on alleged representations by Hartford's agent as to the tax benefits and legal consequences of the 412(i) plans. In response, the MacMillan and Poulsbo Dentistry Plaintiffs argue that Hartford ignores *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51 (Tex. 2008), under which "courts considering justifiable reliance in situations like the present must consider the totality of the circumstances and cannot rely solely on the disclaimer's wording." (Resp. at 2.) Viewing all evidence in the light most favorable to the MacMillan and Poulsbo Dentistry Plaintiffs, and after considering the totality of the circumstances, the Court denied Hartford's summary judgment motions, stating:

> It is undisputed that the transaction at issue, establishing the 412(i) plans funded by

> life insurance policies, was not adversarial, no independent counsel was present, the terms of the Disclosures were never negotiated or discussed but were presented as "boilerplate," Dr. Brown and Mr. MacMillan had no prior experience in the area of defined benefit plans, and fact issues remain regarding whether the transactions could be considered "arms-length" business transactions. In fact, the only *Schlumberger* factor that weighs in favor of summary judgment is that the language of the Disclosure was clear.

(Doc. 122 at 41.) That Hartford would have preferred the Court to weigh the evidence differently and reach a different result is not grounds for filing a motion to reconsider. *See Sanders*, 2005 WL 6090228, at *1( Rule 59(e) motions "should not be used to relitigate prior matters . . . that simply have been resolved to the movant's dissatisfaction."). The Court, accordingly, rejects Hartford's third argument.

In short, as the Court determines that Hartford's motion falls well below the standard set by Federal Rule of Civil Procedure 59(e), Hartford Life and Annuity Insurance Company's Motion for Reconsideration of the Court's March 26, 2009 Order Denying Summary Judgment as to the Poulsbo Dentistry and MacMillan Plaintiffs' Fraud-Based Claims and Memorandum in Support (doc. 131) is hereby **DENIED**.

**SO ORDERED.**

Dated: July 8, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

5